ABRAHAM B. SELBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Selby v. Commissioner
Docket No. 7950-72.
United States Tax Court
T.C. Memo 1974-92; 1974 Tax Ct. Memo LEXIS 230; 33 T.C.M. (CCH) 461; T.C.M. (RIA) 74092; April 15, 1974, Filed. Abraham B. Selby, pro se. John Gigounas, for *231 the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent has determined a deficiency in the Federal income tax of petitioner for the taxable year 1970 in the amount of $1,387.76. Due to concessions made by the parties, the sole issue remaining for our decision is whether petitioner is entitled to deduct as a casualty loss under section 165(c) (3) [1] for the taxable year 1970 the value of certain property situated in Shanghai, China, which was expropriated by the People's Republic of China upon that government's accession to power in 1949. FINDINGS OF FACT The facts have been fully stipulated. Such stipulation and the exhibits attached thereto are incorporated herein by this reference. Petitioner is Abraham B. Selby whose legal residence as of the date the petition was filed herein was San Rafael, California. Petitioner filed his Federal income tax return for the taxable year 1970 with the district director of internal revenue, San Francisco, California. In 1944 or 1945, petitioner acquired certain real property *232 in Shanghai, China. Upon leaving China in 1946, he deposited the deeds to the property with the American Consulate in Shanghai. In 1949, petitioner's property was seized by the present People's Republic of China upon that government's accession to power in the fall of that year. He was never formally advised that his property was taken. From 1949 through 1967, petitioner unsuccessfully attempted to obtain from the State Department the title deeds to his expropriated property. In 1967, petitioner filed a claim for his property with the Foreign Claims Settlement Commission pursuant to the International Claims Settlement Act of 1949. This statute was amended in 1966 to provide for the filing of claims for property lost in China and the ascertainment of the value thereof. It did not provide for any reimbursement on account of the lost property. On July 22, 1970, the Commission issued a determination that petitioner had owned real property in China which had been expropriated and fixed his loss at $4,750. The petitioner claimed such loss as a deduction on his Federal income tax return for 1970 which respondent subsequently disallowed. OPINION The sole question for *233 our determination is whether petitioner is entitled to deduct as a casualty loss in 1970 the value of certain realty situated in Shanghai, China, which was confiscated by the People's Republic of China in 1949. Section 165(a) and (c) (3) [2] provides for the deduction of casualty losses sustained during a taxable year which is not compensated for by insurance or otherwise. The regulations provide that a loss shall be allowed as a deduction under section 165(a) *234 only in the taxable year in which the loss is sustained. Section 1.165-1(d) (1), Income Tax Regs.
The facts in this case are undisputed. Petitioner owned certain realty in Shanghai which was expropriated in 1949 when the People's Republic of China came to power in the fall of that year. Although he was never formally advised of the seizure, there is no question that petitioner was de facto deprived of any power or control over such property from that point forward. Clearly, 1949 was the year in which he sustained his loss, fixed by certain identifiable events occurring in that taxable year. This being the case, we are constrained to hold that petitioner is not entitled to claim such loss in the taxable year 1970. That part of the regulations under section 165, which requires that the year for the deduction of any loss be postponed if there exists both a claim for reimbursement and a reasonable prospect of recovery, has no application on our facts. See section 1.165-1(d) (2) (i), Income Tax Regs.
Petitioner contends that he should be entitled to the deduction in 1970 since it was only then that the amount of his loss became known through the decision of the Foreign Claims *235 Settlement Commission. Unfortunately for petitioner, section 165, in limiting the deduction only to the year in which the loss was sustained, directs itself to the event of loss, not to the amount of loss. In these particular circumstances, it would only be by the intervention of Congress on behalf of petitioner and those similarly situated that such loss could be allowed. Cf. section 165(i), added by section 238 of Pub. L. 88-272, February 26, 1964. In accordance with the above, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * * ↩